IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ERICA CEPEDA | § | |
| | § | |
| | § | CIVIL ACTION NO._____ |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| HOMESITE INSURANCE COMPANY | § | On removal from the 406th District |
| And RUSSELL PALMER | § | Court of Webb County, Texas, |
| | § | Cause No. 2023CVH001816D4 |
| Defendant. | | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant, Homesite Insurance Company ("Homesite"), files this Notice of Removal of this action from the 406th District Court of Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division.[1]  In support of this removal, Homesite states as follows:

## INTRODUCTION

1.   Homesite issued a Texas Homeowners' Insurance Policy to Erica Cepeda ("Plaintiff"). (EXHIBIT B). Plaintiff owns the insured property, located at 2506 Maida Lane, Laredo, Texas 78046 ("the Property"). *Id*. Plaintiff alleged damage to the Property due to a severe storm on or about April 23, 2023. *Id*. Plaintiff alleges that she submitted a claim to Homesite against the policy for damages to the Property as a result of the storm. *Id*. Plaintiff now contends that Homesite has failed to pay out policy proceeds, and as a result, Homesite has breached the insurance agreement, violated provisions of the Texas Insurance Code, and breached the common

---

[1] Homesite files this Notice of Removal without waiver of any claims or defenses including, but not limited to, any objection to this Court's assertion of personal jurisdiction over Homesite in this matter. *See, e.g.*, *Alliantgroup, L.P. v. Feingold*, No. H-09-0479, 2009 WL 1109093, at *6 (S.D. Tex. April 24, 2009) (personal jurisdiction objection may be raised after removal).

law duty of good faith and fair dealing. *Id*. Plaintiff contends that under the Policy, she is entitled to insurance proceeds less than $100,000, including treble damages, exemplary damages, pre-judgment interest, prompt payment penalties, attorneys' fees, and court costs. *Id*.

2. On November 7, 2023, Plaintiff filed suit in Webb County, Texas state court against Homesite seeking to recover these amounts under Cause No. 2023CVH001816D4, styled *Erica Cepeda v. Homesite Insurance Company and Russell Palmer*. *Id*. Plaintiff served Homesite's registered agent with the petition on or about November 13, 2023. *Id*. On November 28, 2023, Homesite filed an answer and jury demand in state court. (EXHIBIT C).

3. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332. Plaintiff resides in Texas, rendering him a citizen of the State of Texas, while Homesite is a citizen of the State of Wisconsin. (EXHIBITS B, D & E). Therefore, Plaintiff is diverse in citizenship from Homesite. Although Russell Palmer ("Palmer") is a resident of Texas, he is improperly joined in this lawsuit (as explained below), therefore his citizenship is not relevant for purposes of this removal. Thus, Plaintiff is diverse in citizenship from Homesite.

4. 542A of the Texas Insurance Code allows a defendant insurance company to assume its adjuster's liability, if any, and dismiss said adjuster from the case by operation of law. TEX. INS. CODE 542A.006(a). Specifically, Chapter 542A provides that

> Except as provided by Subsection (h), in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.

TEX. INS. CODE 542 A. 006(a). Upon notice of said written election, "the court shall dismiss the action against the agent with prejudice" *Id.* at 542A.006(c)

5.      Regarding the amount in controversy, Plaintiff's petition seeks to recover less than $100,000.00. (EXHIBIT B). Plaintiff's pre-suit estimate cited actual damages of $22,630.78. (EXHIBIT F). Plaintiff's petition also seeks to recover three times actual damages, mental anguish damages, prompt payment penalties, pre-judgment interest, and attorneys' fees. If the pre-suit estimate remainder is trebled it would equate to $67,892.34. This amount, along with Plaintiff's other requested damages (i.e. – prompt payment penalties and attorneys' fees) if granted by a jury, would exceed $75,000.00.

## BASIS FOR REMOVAL

6.      Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court in that there is complete diversity of citizenship between Plaintiff and Homesite, and the amount in controversy exceeds the sum $75,000.00, exclusive of interest and costs.

**A.      Complete Diversity of Citizenship Exists.**

7.      In her petition, Plaintiff alleges that she is a resident of Texas. (EXHIBIT B). Plaintiff concedes that Homesite is a foreign insurance company. *Id*. Homesite is a Wisconsin company authorized to engage in the insurance business in Texas, rendering it a citizen of the State of Wisconsin pursuant to 28 U.S.C. § 1332 (c)(1). (EXHIBITS D & E). Homesite's principal place of business is in Boston, Massachusetts. *Id*. As mentioned above, although Palmer is domiciled in Texas, his citizenship is not relevant here as he is improperly joined.

8.      "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) **inability of the plaintiff to establish a cause of action against the non-diverse party in state court**." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (emphasis added); see also *McKee v. Kansas City S. Rail Road Co*., 358 F.3d 329, 333 (5th Cir. 2004). To avoid improper joinder, a plaintiff must be able to show that there is "a reasonable basis for

predicating that the state law might impose liability of the facts involved… [t]his possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

9. Pursuant to Texas Insurance Code 542A.006(a), once Homesite elects to accept liability for its agents, including adjusters, the statute prohibits the pursuit of any cause of action against this agent. As such, the nondiverse Defendant agent cannot be considered in assessing whether there is complete diversity between the parties. Section 542A.006(c) provides if the insurer makes an election to accept an adjuster's liability after suit is filed, the court "shall dismiss the action against the [adjuster] with prejudice." Based on the aforementioned law, Homesite filed an Election of Legal Responsibility Pursuant to Texas Insurance Code 542A.006 with the 406th District Court of Webb County, Texas (Exhibit G).

10. Although Palmer is a resident of Texas, his citizenship is not relevant for purposes of determining diversity of citizenship here because Plaintiff cannot establish a cause of action against him. *Travis*, 326 F.3d at 647. Palmer has been improperly joined. *Id*. Therefore, the parties are diverse in citizenship and removal is proper.

**B.     Amount in Controversy is Satisfied.**

11. Plaintiff's Original Petition seek to recover less than $100,000.00. (EXHIBIT B). Plaintiff's petition also alleges actual damages, mental anguish damages, treble damages up to three times the actual and mental anguish damages, court costs, attorneys' fees, and prompt payment penalties. *Id*. Plaintiff's pre-suit estimate cites actual damages of $22,630.78. (EXHIBIT F). In the event a jury grants Plaintiff the relief he is seeking (i.e. – $22,630.78 in actual damages plus treble damages three times this amount ($67,892.34), prompt payment penalties and attorneys' fees), the amount in controversy will exceed $75,000.

**C.     All Other Requirements for Removal Have Been Satisfied.**

12.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of the date on which Homesite was served with the petition. (EXHIBIT B). Through the filing of this Notice of Removal, Homesite expressly reserves, and does not waive, any defenses relating to service of process including, but not limited to, insufficient process or insufficient services of process. *See Padre Nterprises, Inc. v. Rhea*, 2012 WL 1072849, No. 4:11CV674, at *1 (E.D. Tex. Mar. 29, 2012) (defense of improper service is not waived through filing of notice of removal).

13.     Homesite has sought no similar relief with respect to this matter.

14.     Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

15.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

16.     A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the County Clerk of Webb County, Texas.

17.     Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

18.     In accordance with 28 U.S.C. § 1446, Homesite attaches the following documents as exhibits:

    i.     Civil Cover Sheet;

    ii.    Index of Matters Being Filed (EXHIBIT A);

    iii.   Citation of Service on Homesite and Plaintiff's Original Petition (EXHIBIT B);

    iv.    Homesite's Original Answer and Jury Demand (EXHIBIT C);

    v.      Company Summary from the National Association of Insurance Commissioners (EXHIBIT D);

    vi.      Financial Examination Report from the Wisconsin Commissioner of Insurance (EXHIBIT E);

    vii.      Plaintiff's Pre-suit Estimate of Damages (EXHIBIT F);

    viii.      Defendant Homesite Insurance Company's Election of Legal Responsibility Pursuant to Texas Insurance Code 542A.006 (EXHIBIT G);

    ix.      State court docket sheet (EXHIBIT H); and

    x.      List of counsel of record and parties represented (EXHIBIT I) (there have been no orders signed by the state court judge).

19.    The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Southern District of Texas, and this cause is removable to the United States District Court for the Southern District of Texas.

20.    The undersigned represents Homesite in this matter.

21.    If any questions arise with regard to the propriety of the removal of this action, Homesite requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Respectfully submitted,

**THE HUDGINS LAW FIRM, P.C.**

By: /s/ *Steven F. Hudgins*
Steven F. Hudgins
Attorney in Charge
State Bar Number 00793993
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone (713) 623-2550
Facsimile  (713) 623-2793
shudgins@hudgins-law.com

**ATTORNEYS FOR DEFENDANT,
HOMESITE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

Pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Western District of Texas, I certify that service of Defendant's Notice of Removal on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on December 13, 2023.

s/ *Steven F. Hudgins*
Steven F. Hudgins
